1  Byron A. Moldo (SBN 109652)
     bmoldo@ecjlaw.com
2  Geoffrey M. Gold (SBN 142625)
     ggold@ecjlaw.com
3  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Ninth Floor
4  Beverly Hills, California 90212-2974
   Telephone  (310) 273-6333
5  Facsimile  (310) 859-2325

6  Attorneys for Great American Chicken Corp., Inc.

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11

| | |
|---|---|
| 12  In re | Case No. 2:08-bk-32349-BR |
| 13  EZRI NAMVAR, | Chapter 11 |
| 14      Debtor. | Adv No. 2:11-ap-01340-BR |
| 15  R. TODD NEILSON, as Chapter 11 Trustee | **OPPOSITION TO MOTION AGAINST NON-PARTY GREAT AMERICAN CHICKEN CORP.** |
| 16  for the Bankruptcy Estate of Ezri Namvar, | |
| 17      Plaintiff, | Date:    July 3, 2018<br>Time:    10:00 a.m. |
| 18      vs. | Crtrm.:  1668 |
| 19  SHAHRAM ELYASZADEH, an individual, | |
| 20      Defendant. | |

21

22

23

24

25

26

27

28

14636.1:9283159.2

1

OPPOSITION TO MOTION AGAINST NON-PARTY GREAT AMERICAN CHICKEN CORP.

1    Great American Chicken Corp., Inc. ("GACC"), which is a not party in this adversary

2  proceeding,  specially appears and hereby opposes the motion filed by 126 Valencia, LLC

3  ("Judgment Creditor") against GACC and others, seeking an injunction and restraining order. This

4  motion mirrors the motion filed in November 2017, which sought to compel GACC to do

5  something, *while it is not a party to this action.*  As the Court observed previously, the proper and

6  preferred procedure is through a creditor's suit or the commencement of a separate adversary

7  proceeding.

8    The motion should be denied as to GACC. First, the Court has no jurisdiction over GACC

9  by Judgment Creditor simply filing this motion against the Judgment Debtor Shahdam Elyaszadeh

10  ("Debtor") and including GACC on a proof of service. There is no basis to include GACC in this

11  proceeding and to have a bankruptcy order put into effect over GACC. It would be a violation of

12  due process for GACC to have to litigate in this forum according to this procedure, and without

13  even properly being brought into the case. Debtor could proceed against third party strangers like

14  GACC by initiating a new action, and thereby affording those like GACC an opportunity to

15  address the matter in a fair proceeding. Instead, Judgment Creditor is acting to have the Court

16  assert power over GACC suddenly, improperly and unjustifiably.

17    Second, Code Civ. Proc. section 708.510 allows an assignment of right to payments order

18  and service of notice only against the judgment debtor.  Section 708.510(a) provides: "Except as

19  otherwise provided by law, upon application of the judgment creditor on noticed motion, the court

20  **may order the judgment debtor** to assign to the judgment creditor or to a receiver appointed

21  pursuant to Article 7 (commencing with Section 708.610) all or part of a right to payment due or

22  to become due, whether or not the right is conditioned on future developments, including but not

23  limited to the following types of payments: (1) Wages due from the federal government that are

24  not subject to withholding under an earnings withholding order. (2) Rents. (3) Commissions. (4)

25  Royalties. (5) Payments due from a patent or copyright. (6) Insurance policy loan value."

26  (Emphasis added.) This section does not authorize a motion for an order against a third party, but

27  only against the Debtor.

28  / / /

14636.1:9283159.2

2

OPPOSITION TO MOTION AGAINST NON-PARTY GREAT AMERICAN CHICKEN CORP.

1    Third, GACC objects as to the factual recitations in the motion based on hearsay. There is

2  no admissible evidence that supports granting the motion as against GACC. No evidence has been

3  offered that shows GACC is currently affiliated with Debtor in such a fashion so as to support an

4  order against GACC. At most, Judgment Creditor has alleged that Shaoul Levy has made promises

5  or certain statements about Levy having a relationship with Debtor, so that Debtor might in the

6  future receive money. Judgment Creditor has not established through admissible evidence that

7  GACC is "acting in concert" with Debtor or that GACC is "an agent" of Debtor and should be

8  enjoined and restrained in some way regarding "Payments" which in the future could become due.

9  The Court should deny Judgment Creditor's request for a permanent injunction against third party

10  GACC without sufficient evidentiary showing.

11    Fourth, *Phillippine Ex. & Foreign Guarantee Corp. v. Chuidian,* 218 Cal.App.3d 1058,

12  1189-90 (1990) is distinguishable. That case did not involve a motion brought against a third

13  party, but a motion by the judgment creditor directed against a debtor under a stipulated judgment.

14  The *Chuidian* Court only held that a "court in aid of execution of this judgment may order

15  Philguarantee [the debtor] to assign only such assets as Chuidian may legally execute upon in

16  satisfaction of the judgment." The Court found the order seeking to assign assets outside the

17  United States too broad and "[a]ccordingly the order should be modified, and we do modify it, by

18  issuing the writ of mandate to limit the order in aid of execution to an order compelling

19  Philguarantee [the debtor] to assign to Chuidian all debts owing or to become owing to

20  Philguarantee from individuals or entities located in the United States." *Chuidian* does not stand

21  for the proposition that a third party like GACC could be hauled into bankruptcy court (or any

22  court) by way of a simple motion when it was never in the case.

23    Fifth, Judgment Creditor previously tried to obtain the essentially same relief by seeking a

24  turnover order under Code Civ. Proc. section 708.205(a). This Court rejected that attempt on

25  November 30, 2017, suggesting to Judgment Creditor that the proper course would be to initiate a

26  new adversary proceeding. Counsel for Judgment Creditor seemed to understand this at the time.

27  And the matter was left there for the past 8 months. Judgment Creditor has failed to proceed in the

28  manner previously suggested by this Court.

14636.1:9283159.2
3
OPPOSITION TO MOTION AGAINST NON-PARTY GREAT AMERICAN CHICKEN CORP.

1          For the foregoing reasons, the Court should overrule Judgment Creditor's motion

2    effectively for a mandatory injunction against third party GACC and further "for an order

3    restraining Judgment Debtor, GACC, and any servant, employee or attorney for the Debtor" from

4    "encumbering, assigning, disposing, or spending" money which in the future may become due the

5    Debtor.  Any attempts to seek affirmative relief against GACC should be conducted in a separate

6    proceeding.  GACC is not a servant, employee or attorney for the Debtor or controlled by the

7    Debtor, and it should not be party to this motion.

8

9    DATED: June 19, 2018                    Respectfully Submitted,

10                                           ERVIN COHEN & JESSUP LLP

11                                           By:   /s/ Byron Z. Moldo

12                                                 Byron Z. Moldo
                                                   Geoffrey M. Gold

13                                                 Attorneys for Great American Chicken Corp., Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14636.1:9283159.2

4

OPPOSITION TO MOTION AGAINST NON-PARTY GREAT AMERICAN CHICKEN CORP.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 9401 Wilshire Boulevard, 9th Floor, Beverly Hills, CA 90212.

A true and correct copy of the foregoing document entitled (*specify*): OPPOSITION TO MOTION AGAINST NON-PARTY GREAT AMERICAN CHICKEN CORP.  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 19, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Allan H Ickowitz on behalf of Mediator Allan H. Ickowitz aickowitr@nossaman.com, mwiman@nossaman.com
Edward A Klein on behalf of Interested Party Shaoul Levy eklein@murphyrosen.com, sdeiches@murphyrosen.com; acastillo@murphyrosen.com;
        pmurphy@murphyrosen.com; tsteele@murphyrosen.com
Kevin J Leichter on behalf of Interested Party Yona Samih kleichter@theleichterfirm.com, ahewitt@theleichterfirm.com;assistant@theleichterfirm.com
Daniel J McCarthy on behalf of Plaintiff 126 Valencia, LLC dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hilifarrer.com
R. Todd Neilson (TR) tneilson@brg-expert.com, sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com;ntroszak@brg-expert.com
Uzzi O Raanan, ESQ on behalf of Plaintiff R. Todd Neilson uor@dgdk.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com
Uzzi O Raanan, ESQ on behalf of Trustee R. Todd Neilson (TR) uor@dgdk.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com
Michael E Schwimer on behalf of Plaintiff 126 Valencia, LLC michael@swlawlip.com, info@swlawllp.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Shahram Elyaszadeh                    (via overnight mail)
230 Glenroy Place
Los Angeles, CA 90049

Mark Smith                            (via overnight mail)
Krane & Smith
16255 Ventura Blvd., Suite 600
Encino, CA 91436

Great American Chicken Corp, Inc.     (via overnight mail)
Attn: Aryeh Aslan, CEO
201 Wilshire Blvd., Suite 250
Santa Monica, CA 90401

Stonehaven, LLC                       (via overnight mail)
Attn: Shaol Levy, Manager/Member
and Agent for Service of Process
201 Wilshire Blvd., 2nd Floor
Santa Monica, CA 90401

The Hon. Barry Russell                (via overnight mail)
United States Bankruptcy Court
255 East Temple Street, Suite 1660
Los Angeles, CA 90012

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 19, 2018 | | /s/ Chary Weis |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.