**HILL, FARRER & BURRILL LLP**
Daniel J. McCarthy (Bar No. 101081)
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Fax: (213) 624-4840
dmccarthy@hillfarrer.com

**SCHWIMER WEINSTEIN LLP**
Michael E. Schwimer (Bar No 255567)
2665 Main Street, Suite 200
Santa Monica, CA 90405
Tel. (310) 957-2700
Fax (310) 957-2701
michael@swlawllp.com

Attorneys for Assignee of Plaintiff/
Judgment Creditor
126 VALENCIA, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>EZRI NAMVAR,<br><br>        Debtor.<br>_____<br><br>R. TODD NEILSON, as Chapter 11 Trustee for the Bankruptcy Estate of Ezri Namvar,<br><br>        Plaintiff,<br><br>vs.<br><br>SHAHRAM ELYASZADEH, an individual,<br><br>        Defendant. | Case No.: 2:08-bk-32349-BR<br><br>Chapter 11<br><br>Adv. No.: 2:11-ap-01340-BR<br><br>**REPLY INSUPPORT OF 126 VALENCIA, LLC'S MOTION FOR ASSIGNMENT ORDER**<br><br>Date:     July 3, 2018<br>Time:    10:00 a.m.<br>Location: Courtroom 1668<br>            255 East Temple Street<br>            Los Angeles, CA 90012 |

Judgment Creditor 126 Valencia, LLC ("Creditor" or "126 Valencia") hereby files its reply ("Reply") to Great American Chicken Corp. ("GACC") and Shaoul Levy's ("Levy") oppositions (collectively herein as "Opposition") to 126 Valencia's Motion for Assignment Order ("Motion") as follows:

**A. The Motion Seeks an Assignment of All Amounts Owed to Elyaszadeh by GACC and/or Stonehaven, LLC to be Paid to the Creditor as Payment on the Judgment**

First, the Motion does not request that the Court order that GACC or Stonehaven, LLC ("Stonehaven") do anything. Instead, the Motion seeks the assignment of any amounts owed to Shahram Elyaszadeh ("Debtor" or "Elyaszadeh") by GACC or Stonehaven to be paid to the Creditor and applied to Creditor's judgment. Accordingly, there is no violation of any of GACC or Stonehaven's due process rights. Simply put, if Debtor is owed anything due to his interest in GACC and/or Stonehaven, it should be assigned to be paid to Creditor and applied to Creditor's judgment.

Second, and again, the Motion does not seek an injunction against GACC or Stonehaven. In contrary, the Motion seeks an injunction against the Debtor, a party to the instant action, from assigning, spending or otherwise dissipating the amounts owed to the Debtor by GACC and/or Stonehaven. Accordingly, there would be no injunction imposed against GACC, Stonehaven or Levy. The Motion simply puts GACC, Stonehaven and Levy on notice of the injunction against Debtor so that they do not facilitate the Debtor in violating the Court's order.

Third, the Motion is not premised upon hearsay. The Motion is factually based on testimony by Levy both as an individual and on behalf of GACC. Mr. Levy testified that the Debtor has an interest in GACC as well as Stonehaven. Mr. Levy further testified that the Debtor receives or may receive payments from GACC and/or Stonehaven based on his interest in GACC and/or the Debtor's loan to Stonehaven. Accordingly, Creditor is entitled to those payments given the Creditor's judgment against Debtor.

Fourth, the GACC and Mr. Levy do not deny that GACC has made distributions to the Debtor in the past and that GACC may do so in the future on the 5% shareholder interest held by the Debtor in GACC and on the 12% interest in GACC held by Mr. Levy for the benefit of the

- 2 -

Debtor.[1] Nor do they deny that Stonehaven borrowed funds from the Debtor that it is obligated to repay. In short, they do not contradict Mr. Levy's testimony at his third party examination on October 20, 2017, in adversary nos. 2:11-ap-01261-BR and 2:11-ap-01340-BR.

Fifth, the instant Motion is materially different that then turnover motion from November 30, 2017 ("Turnover Motion"). The Turnover Motion sought relief from the Court by ordering GACC to turn over the physical stock certificates of the Debtor in GACC. The instant Motion seeks any and all payments owed to the Debtor by GACC and/or Stonehaven to be paid to Creditor to be applied to Creditor's judgment. This is the exact purpose of *California Code of Civil Procedure § 708.510(a)* which authorizes a court to issue and order directing the judgment debtor to assign to a judgment creditor all or part of a right to payment due or to become due, including but not limited to rents, commissions, and royalties. The Motion is not requesting a transfer of possession of the stock certificates like the Turnover Motion did.

### B. The Debtor Does Not Oppose the Motion.

GACC, Stonehaven and Mr. Levy should not care whether they pay the Debtor or Creditor on obligations owed and to become owed by any of them to the Debtor, as long as the Court approves it, yet GACC and Levy are the only parties that opposed the instant Motion. Stonehaven did not do so and, more importantly, the Debtor did not do so. The Debtor and Stonehaven were served with the Motions by mail in adversary nos. 2:11-ap-01261-BR and 2:11-ap-01340-BR. The Debtor's counsel of record in adversary no. 2:11-ap-01261-BR (Marc Smith of Krane & Smith) was served by mail with the Motion in adversary no. 2:11-ap-01340-BR and by the Court's Notice of Electronic Filing in adversary no. 2:11-ap-01261-BR in which he has previously appeared for the Debtor, yet the Debtor did not oppose the Motion in either proceeding.

If the Debtor does not oppose the Motion in either adversary proceeding, GACC and Mr. Levy should not be heard to oppose the Motion. Indeed, it is doubtful that they have standing to

---

[1] Indeed, in his opposition to the turnover motion that he filed on November 29, 2017, in adversary no. 2:11-ap-01340-BR, Mr. Levy admitted: "During his debtor's examination, Levy testified at length about these shares, how the franchisor YUM! Brands refused to allow Levy to transfer these shares to Elyaszadeh, and how Levy has therefore agreed only to give Elyaszadeh the income stream from these shares, not the shares themselves." [Docket no. 113, at 1:14-18, emphasis added]

1 do so.

2 For all the foregoing reasons, the Motion should be granted in its entirety.

4 DATED: June 26, 2018                    Hill, Farrer & Burrill LLP

6 By: /s/ Daniel J. McCarthy
   Daniel J. McCarthy
7 Attorneys for Assignee of Plaintiff/
   Judgment Creditor 126 Valencia, LLC

- 4 -

| In re:  Ezri Nmavar | CHAPTER  11 |
|---|---|
| Debtor(s). | ADV. CASE NUMBER  2:11-ap-01340-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 300 S. Grand Avenue, 37th Floor, Los Angeles, California 90071

A true and correct copy of the foregoing document described **REPLY INSUPPORT OF 126 VALENCIA, LLC'S MOTION FOR ASSIGNMENT ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 26, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Peter A Davidson  pdavidson@ecjlaw.com, lpekrul@ecjlaw.com
Allan H Ickowitz  aickowitz@nossaman.com, mwiman@nossaman.com
Edward A Klein  eklein@murphyrosen.com, sdeiches@murphyrosen.com; acastillo@murphyrosen.com;
  pmurphy@murphyrosen.com;tsteele@murphyrosen.com
Kevin J Leichter  kleichter@theleichterfirm.com, ahewitt@theleichterfirm.com; assistant@theleichterfirm.com
Daniel J McCarthy  dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hillfarrer.com
Byron Z Moldo  bmoldo@ecjlaw.com, lpekrul@ecjlaw.com
R. Todd  Neilson (TR)  tneilson@brg-expert.com, sgreenan@brg-expert.com; tneilson@ecf.epiqsystems.com; ntroszak@brg-expert.com
Uzzi O Raanan  uor@dgdk.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com
Michael E Schwimer  michael@swlawllp.com, info@swlawllp.com
United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On June 26, 2018, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed:

Shahram Elyaszadeh           (via first class mail)
230 Glenroy Place
Los Angeles, CA  90049

Marc Smith           (via first class mail)
Krane & Smith
16255 Ventura Boulevard
Suite 600
Encino, CA 91436

Stonehaven, LLC           (via first class mail)
Attn: Shaoul Levy, Manager/Member
And Agent for Service

| In re:  Ezri Nmavar | CHAPTER   11 |
|---|---|
| Debtor(s). | ADV. CASE NUMBER  2:11-ap-01340-BR |

201 Wilshire Blvd., 2nd Floor
Santa Monica, CA 90401

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 26, 2018, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell (via overnight mail)
United States Bankruptcy Court
255 East Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 26,  2018 | Sonia Padilla | /s/ Sonia Padilla |
|---|---|---|
| *Date* | *Type Name* | *Signature* |